[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/21/99
THOMAS  K. KAHN
CLERK

No. 98-2614

D. C. Docket No. 97-070(ARB); 96-ERA-22(ALJ)


DAVID A. FIELDS, ROBERT P. WEISS, et al.,

Petitioners,

versus

UNITED STATES DEPARTMENT OF LABOR ADMINISTRATIVE
REVIEW BOARD,

Respondent.


Appeal from a Final Decision and Order of the
United States Department of Labor's
Administrative Review Board


**(April 21, 1999)**


Before MARCUS, Circuit Judge, HILL, Senior Circuit Judge, and ADAMS*, District Judge.

_____

*Honorable Henry Lee Adams, Jr., U. S. District Judge for the Middle District of  Florida, sitting
by designation.

PER CURIAM:

Petitioners David A. Fields, Robert P. Weiss and Jack D. Stewart appeal the final decision and order issued by the Administrative Review Board (ARB) of the Department of Labor (DOL), accepting the recommendation of the DOL Administrative Law Judge (ALJ), granting Florida Power Corporation's (FPC) request for summary decision and dismissing petitioners' complaints under the employee protection (or whistleblower) provision, Section 211, of the Energy Reorganization Act of 1974 (ERA), as amended, 42 U.S.C. § 5851(1)(D)(1988).[1] The provisions subsumed under Section 211 prohibit an employer from discharging or discriminating against an employee who has engaged in protected activities. Petitioners contend that the ARB's finding that their complaints were barred under the affirmative defense

---

[1] Section 211(a), 42 U.S.C. § 5851(a), provides in relevant part:

(1) No employer may discharge any employee or otherwise discriminate against any employee with respect to his compensation, terms, conditions, or privileges of employment because the employee . . .

(A) notified his employer of an alleged violation of this Act or the Atomic Energy Act of 1954 (42 U.S.C. § 2011 *et seq.*);

***

provision of Section 211(g)[2] is not supported by substantial evidence. We disagree and affirm.

Petitioners were control room operators at FPC's Crystal River 3 nuclear power plant (the plant). They were concerned that maintaining hydrogen pressure in accordance with FPC's mandated procedure (designated Curve 8[3]) was unsafe and notified the engineering department. They were not satisfied with the engineering department's assurance that maintaining pressure according to Curve 8 was "accurate and reasonably conservative." Petitioners felt that their safety concerns had not been adequately addressed and that they needed to respond. In order to obtain data that would show whether their concerns about Curve 8 were valid, petitioners decided to conduct their own tests. They contend that they believed the tests complied with existing procedures and were within their authority to perform. Petitioners claim that, as licensed nuclear operators, they owed a duty to the public to verify a critical safety issue that they believed was being ignored by FPC.

_____

[2] Section 211(g), 42 U.S.C. § 5851(g), provides:

> Subsection (a) of this section [prohibiting discrimination] shall not apply with respect to any employee who, acting without direction from his or her employer (or the employer's agent), deliberately causes a violation of any requirement of this chapter or of the Atomic Energy Act of 1954, as amended [42 U.S.C. § 2011 *et seq.*].

[3] For further background and description as to the nuclear tests performed, refer to the background section of the ARB's Final Decision and Order dated March 1, 1998.

The undisputed facts are that in September 1994, petitioners performed tests on the plant's nuclear reactor during two midnight shifts, while the nuclear reactor was operating at full power. On the first night, September 4, their actions triggered an alarm light for forty-three minutes. Petitioners ignored the alarm and continued. When the September 4 data proved inconclusive, they tried again. On the second night, September 5, petitioners told an auxiliary building operator to "dress out" in protective clothing, to allow him to vent hydrogen quickly should an accident occur. This time the alarm light was triggered for thirty-five to thirty-seven minutes.

Following the September 5 test, petitioners prepared a problem report. They did not mention the September 4 test. In response to the problem report, FPC transferred petitioners to positions other than as control room operators. The Nuclear Regulatory Commission (NRC) instituted an investigation. When FPC subsequently learned of the September 4 test, it discharged Weiss and Fields and transferred Stewart out of operations with a written reprimand.

Thereafter petitioners filed this Section 211 discrimination action with the DOL, alleging that FPC disciplined them, demoted Stewart, and discharged Fields and Weiss because they were engaging in activities protected under the ERA. After an evidentiary hearing, the DOL ALJ concluded that the undisputed facts provided overwhelming evidence that petitioners had acted deliberately and without direction

4

from FPC management when they twice conducted unauthorized tests on the nuclear reactor. He issued a recommended decision and order granting FPC's motion for summary decision. Petitioners appealed to the ARB. In its final decision and order, the ARB accepted the recommendation of the ALJ, concluding that FPC's decision to discharge and demote petitioners was based upon petitioners' "reckless disregard" as to whether a nuclear safety violation would occur and that they "deliberately caused a violation" of nuclear safety regulations. Finding no genuine issue of material fact, the ARB determined that FPC had established a valid Section 211(g) affirmative defense as a matter of law and dismissed the complaints. Petitioners now complain that the ARB erred in finding that they had acted without direction from FPC deliberately to cause violations of NRC requirements.

In reviewing cases arising under the ERA, we are required to conform to the standard of review set forth in the Administrative Procedure Act. 42 U.S.C. § 5851(c)(1). Thus the ARB decision will be overturned only if it "is unsupported by substantial evidence or if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (E); *Kahn v. Secretary of Labor,* 64 F.3d 271, 276 (7th Cir. 1995)(citing *Lockert v. U.S. Dep't of Labor,* 867 F.2d 513, 516-17 (9th Cir. 1989)); *see also Stone & Webster Engineering Corp. v. Herman,* 115 F.3d 1568, 1571 (11th Cir. 1997). The substantial evidence test is no

more than a recitation of the application of the 'arbitrary and capricious' standard to factual findings. *Atlanta Gas Light Co. v. FERC,* 140 F.3d 1392, 1397 (11th Cir. 1998). Appropriate deference must be given to statutory interpretation by the ARB. *See Stone & Webster,* 115 F.3d at 1571(citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984); *Bechtel Construction Co. v. Sec. of Labor,* 50 F.3d 926, 931 (11th Cir. 1995)). The reviewing court does not re-weigh the evidence or substitute its judgment for that of the ARB, but reviews the entire record to determine if the decision reached is reasonable and supported by substantial evidence. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991).

It is clear from the record that, regardless of their motives, good or bad, petitioners moved knowingly and dangerously beyond their authority when, on their own, and fully aware that their employer would not approve, they conducted experiments inherently fraught with danger. The tests conducted during the midnight shifts were expected by petitioners to produce conditions sufficiently perilous to set off alarms. While it is possible that they meant, by their actions, to demonstrate that prescribed FPC policy was dangerous, it is clear that petitioners' unauthorized frolics were just what Congress envisioned when it made the whistleblower statute inapplicable to "any employee who, acting without direction from his or her employer (or the employer's agent), deliberately causes a violation of any requirement of this chapter . . . ." Section 211(g), 42 U.S.C. § 5851(g).

Giving appropriate deference to the ARB's interpretation of the statute, *Stone & Webster,* 115 F.3d at 1571, we conclude that its determination was reasonable and supported by substantial evidence contained in the record. *Cornelius,* 936 F.2d at 1145. We affirm the decision of the ARB.

AFFIRMED.