Casey RUUD, Petitioner,

Westinghouse Hanford Company,
Intervenor,

v.

**U.S. DEPARTMENT OF LABOR;
Westinghouse Hanford Company,
Respondents.**

No. 02–71742.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Filed Oct. 22, 2003.

Thad M. Guyer, Government Accountability Project, Seattle, WA, for the petitioner.

Joan Brenner, United States Department of Labor, Office of the Solicitor, Washington, D.C., for the respondent.

Stuart R. Dunwoody, Davis Wright Tremaine LLP, Seattle, WA, for the intervenor-respondent.

Before: THOMPSON, HAWKINS, and BERZON, Circuit Judges.

BERZON, Circuit Judge.

Casey Ruud petitions for review of a decision of the Department of Labor ("DOL") Administrative Review Board ("ARB") approving the settlement of his whistleblower retaliation complaint against Westinghouse Hanford pursuant to the Clean Air Act, 42 U.S.C. § 7622(b), and the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9610(b). In ap-

proving the settlement agreement, the ARB acted on behalf of the Secretary of Labor under the authority of both the Clean Air Act and CERCLA. The Clean Air Act provides for immediate review in the court of appeals, while CERCLA does not. This case thus raises a knotty jurisdictional question: Where an agency issues a decision that has two or more distinct bases of authority providing separate paths of judicial review, does the appellate court have jurisdiction to review the entire proceeding? We hold that it does.

I.

As we decide in this opinion only a jurisdictional question, we provide only the briefest of factual summaries:

While employed at a Westinghouse Hanford nuclear facility, Ruud raised concerns about unsafe designs, quality assurance, and environmental and radiological requirements and conditions. In February 1988, Ruud filed a DOL complaint alleging retaliatory harassment, discrimination, and discharge by Westinghouse Hanford. Ruud initially entered into a settlement of the complaint, but the ARB did not initially approve this settlement. Ruud later took the position that the settlement should be disapproved and the complaint adjudicated instead on the merits. After many years of administrative proceedings—so unusually prolonged for reasons not here relevant—Ruud finally obtained a final, albeit negative, administrative determination of his attempt to undo the settlement. Ruud now petitions this court for review of the ARB's decision to enter into a settlement of his complaint.[1] Although the parties do not

---

1. Ruud contends that the ARB's reconsideration of its earlier disapproval of the settlement agreement violates the law of the case doctrine, and that the earlier decision properly took into account evidence of Westinghouse Hanford's bad faith behavior after the negotiation of the settlement. In an unpublished memorandum disposition filed concurrently with this opinion, we affirm the ARB's decision.

contest this court's jurisdiction, we must independently satisfy ourselves that jurisdiction exists. *See United States v. Ceja–Prado,* 333 F.3d 1046, 1049 (9th Cir.2003).

## II.

In entering into the settlement, the ARB relied upon the Secretary's authority under the Clean Air Act, 42 U.S.C. § 7622(b), as well as her authority under CERCLA, 42 U.S.C. § 9610(b). Under the Clean Air Act, "any person adversely affected or aggrieved" by an order issued under the Act may obtain review in the Court of Appeals for the circuit in which the violation originally occurred. *See* 42 U.S.C. § 7622(c)(1). CERCLA, however, provides for original jurisdiction in the district court. *See* 42 U.S.C. §§ 9610(b) and 9613(b). This court has not yet had occasion to consider whether we may exercise jurisdiction where the agency decision under review was rendered pursuant to both the agency's authority under a statute providing for original jurisdiction in the district court and its authority under a statute providing for immediate review in the court of appeals.[2]

Several circuits addressing this question have held that where an agency decision has more than one basis of authority, one of which provides for review in the court of appeals, considerations of judicial economy and consistency justify review of the entire proceeding by the court of appeals. *See Int'l Bhd. of Teamsters v. Peña,* 17 F.3d 1478, 1481–82 (D.C.Cir.1994) (holding that where a challenged agency rule was issued pursuant to the authority of two statutes providing for separate paths of judicial review, the court of appeals may exercise jurisdiction over the entire petition); *Sutton v. U.S. Dep't of Transp.,* 38 F.3d 621, 625 (2d Cir.1994) (holding that the court of appeals had exclusive jurisdiction over an agency determination based in substantial part on a statutory provision providing for exclusive review by a court of appeals); *Suburban O'Hare Comm'n v. Dole,* 787 F.2d 186, 192 (7th Cir.1986) ("When an agency decision has two distinct bases, one of which provides for exclusive jurisdiction in the courts of appeals," the entire decision is reviewable in the appellate court); *see also Conoco, Inc. v. Skinner,* 970 F.2d 1206, 1214 n. 10 (3rd Cir.1992) (noting that appellate jurisdiction over the entire matter would be proper as long as the court had exclusive jurisdiction over one of the challenged regulations, citing *Suburban O'Hare Comm'n* ). As the D.C. Circuit has reasoned, "a bifurcated approach

**2.** This circuit has considered the question whether a district court may exercise jurisdiction where plaintiffs assert independent statutory challenges to agency action taken pursuant to a statute vesting exclusive jurisdiction in the courts of appeals. For example, in *Northwest Resource Information Center, Inc. v. National Marine Fisheries Service,* 25 F.3d 872, 874–75 (9th Cir.1994), we considered whether a district court could exercise jurisdiction to hear Endangered Species Act claims challenging final actions of the Bonneville Power Administration ("BPA"), where the Northwest Power Act provided exclusive jurisdiction in the Ninth Circuit to review challenges to final actions of the BPA. We concluded that the district court lacked subject matter jurisdiction over the action. *See*

*id.; see also Cal. Save Our Streams Council, Inc. v. Yeutter,* 887 F.2d 908, 910–12 (9th Cir.1989) (concluding that the district court lacked subject matter jurisdiction to consider plaintiffs' National Environmental Policy Act and American Indian Religious Freedom Act challenge to a Federal Energy Regulation Commission licensing order because the Federal Power Act vests the courts of appeals with exclusive jurisdiction to review such orders). Those cases are not, however, directly relevant here, as they ultimately turn on the interpretation of the statute specifying exclusive jurisdiction in this court over certain final actions, not on reconciling conflicting jurisdictional provisions once it has been determined that both are applicable.

might lead to confusion and unnecessary duplication." *Shell Oil Co. v. Fed'l Energy Regulatory Comm'n,* 47 F.3d 1186, 1195 (D.C.Cir.1995); *see also* Richard J. Pierce, Jr., Administrative Law Treatise § 18.2 (4th ed. 2002) ("Courts go to considerable lengths to adopt interpretations of [jurisdictional] statutes that avoid the potential for duplication of effort and conflicts between district courts and circuit courts.").

The approach of these courts is consistent with a venerable history of judicially created doctrines acknowledging the need in some cases for the pragmatic application of jurisdictional principles. For example, under the doctrines of pendent and ancillary jurisdiction, the courts have long held that a federal district court may decide claims that would otherwise be outside the scope of the judicial power set forth in Article III, § 2 of the United States Constitution, such as those involving state issues in non-diversity cases. *See, e.g. Osborn v. Bank of United States,* 22 U.S. (9 Wheat) 738, 823, 6 L.Ed. 204 (1824) (suggesting that a federal court has the power to decide nonfederal issues arising in case raising federal questions); *Siler v. Louisville & Nashville Railroad Co.,* 213 U.S. 175, 191–92, 29 S.Ct. 451, 53 L.Ed. 753 (1909) (holding that the district court had the right to decide the plaintiff's nonfederal claims where a federal question was raised in good faith); *Moore v. New York Cotton Exchange,* 270 U.S. 593, 609–10, 46 S.Ct. 367, 70 L.Ed. 750 (1926) (permitting exercise of ancillary jurisdiction over nonfederal counterclaims in a federal case); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (setting forth "common nucleus of operative fact" test for exercise of pendent jurisdiction).[3]

The courts have fashioned practical jurisdictional doctrines in the appellate context as well. Under the collateral order doctrine, an appellate court may review a decision that would not ordinarily be considered "final," as required by 28 U.S.C. § 1291, if the decision meets certain other criteria. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (decision is reviewable if it is conclusive, resolves important questions separate from the merits, and is effectively unreviewable on appeal from a final judgment); *see also Digital Equipment Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) ("The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a 'practical construction' of it.") (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221). Even where an issue cannot independently be reviewed on interlocutory appeal because it does not meet the requirements of 28 U.S.C. § 1291 or the collateral order doctrine, an appellate court may nonetheless review the issue if it is "inextricably intertwined" with or "necessary to ensure meaningful review of" an issue over which it does have jurisdiction. *See Cunningham v. Gates,* 229 F.3d 1271, 1284 (9th Cir.2000) (quoting *Swint v. Chambers County Comm'n,* 514 U.S. 35, 50–51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995)).

The question before us deals not with supplemental district court or pendent ap-

---

**3.** Congress codified the *Gibbs* test at 28 U.S.C. § 1367, changing the terminology slightly. *See* 28 U.S.C. § 1367 (providing that the district courts shall have "supplemental jurisdiction" over claims that are "so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). The term "supplemental jurisdiction" now encompasses both pendent and ancillary jurisdiction. We therefore use the term "supplemental jurisdiction" for the remainder of this opinion to describe the power of the district court in this regard.

pellate jurisdiction, of course, but with the exercise of jurisdiction over a petition for review of a decision for which *original* jurisdiction is vested in part in the court of appeals and in part in the district court. There is no question that the federal courts have the power to decide this case. There is also no question that the appellate court has jurisdiction over the agency decision insofar as it rests upon a statute providing for original jurisdiction in the courts of appeals. The reasoning that animates the district court supplemental and appellate pendent jurisdiction cases is nonetheless instructive here: In some instances, two issues are so closely interrelated that they should be heard in a single forum. *See, e.g., Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130 ("[if] a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then ... there is power in federal courts to hear the whole"); *Cunningham,* 229 F.3d at 1285 (two issues are "inextricably intertwined" if we must decide the pendent issue in order to decide the issue properly on interlocutory appeal, or if resolution of the appealable issue necessarily decides the pendent issue).[4] In this case, Ruud's petition for review is best adjudicated in one proceeding because it challenges a single, indivisible decision—even though the decision was based on the agency's authority under two different statutes.

Permitting consolidated review in the court of appeals makes particularly good sense in light of the relative positions of appellate courts and district courts. First, an appellate court has "clear appellate jurisdiction even where the district court has exclusive original jurisdiction," whereas the converse is not true. *Int'l Bhd. of*

*Teamsters,* 17 F.3d at 1482. Second, "a district court offers no advantages over a court of appeals with respect to on-the-record review of completed administrative proceedings." *Shell Oil,* 47 F.3d at 1195; *see also* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3943 (2d ed. 1996) ("It is better to have only one review system for a single order, and the court of appeals is preferred because of its usual primacy and because there is seldom any good reason to provide an initial review[of the agency action] in the district court followed by duplicating review on appeal to the court of appeals."). Accordingly, "the interests of assuring a forum capable of treating the case coherently might justify the comparatively modest displacement of the district court." *Shell Oil,* 47 F.3d at 1195 (quoting *Int'l Bhd. of Teamsters,* 17 F.3d at 1482).

We therefore adopt the well-reasoned approach of our sister circuits. We hold that the court of appeals should entertain a petition to review an agency decision made pursuant to the agency's authority under two or more statutes, at least one of which provides for direct review in the courts of appeals, where the petition involves a common factual background and raises a common legal question. Consolidated review of such a petition avoids inconsistency and conflicts between the district and appellate courts while ensuring the timely and efficient resolution of administrative cases. We do not decide, however, whether our jurisdiction is concurrent or exclusive with regard to the aspect of such a petition pertaining to a statute otherwise giving rise to original jurisdiction in the district court.[5] *See Int'l Bhd. of Teamsters,* 17 F.3d at 1482.

---

**4.** Although we have repeatedly cautioned that the doctrine of pendent appellate jurisdiction must be construed "narrowly," *see Meredith v. Oregon,* 321 F.3d 807, 813 (9th Cir.2003), the question before involves the original jurisdic-

tion of an appellate court, and thus does not implicate the concerns about the timing of appeals that underlie that admonition.

**5.** It is possible, for example, that a party may challenge such a "mixed" agency decision

## III.

Accordingly, we conclude that we have jurisdiction to review the merits of this case. For the reasons elaborated in the unpublished memorandum disposition, the petition for review is DENIED.

only insofar as it rests upon a statute giving rise to district court jurisdiction. Our holding does not preclude district court jurisdiction in that instance.