[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13005
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

Agency Nos. 2006-ERA-002,
2006-ERA-008

CARLOS M. MUINO,

                    Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

                    Respondent,

FLORIDA POWER & LIGHT COMPANY,

                    Intervenor-Respondent.

_____

Petition for Review of a Decision of the
Department of Labor

_____

(April 28, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Muino, proceeding pro se, appeals the United States Department of

Labor Administrative Review Board's ("ARB") grant of summary judgment in his

first whistle-blower action filed under the Energy Reorganization Act ("ERA"), 42

U.S.C. § 5851 and the dismissal of his second action, also brought pursuant to the

ERA. After a thorough review of the record, we affirm.

Muino, a former employee of Florida Power & Light ("FPL"), filed

complaint 2006-ERA-0002 alleging violations of the ERA after FPL refused to

permit a contractor working at one of FPL's plants to rehire him. Muino alleged

that he was being blacklisted due to statements he made questioning nuclear safety

when he resigned from FPL in 1993.[1] The complaint, filed on August 11, 2005,

alleged that Muino had resigned his position with FPL because he believed he had

been discriminated against based on his Cuban heritage. In a confidential exit

interview at the time of his resignation, Muino also alleged that FPL failed to

follow regulations concerning the update of manuals and the recording of certain

drawings.

FPL moved to dismiss and for summary judgment, arguing that the

complaint was untimely, Muino had not engaged in any protected activity, and

Muino could not establish a prima facie case of retaliation. According to FPL, it

---

[1] The ERA prohibits discrimination against an employee based on the employee's whistle blowing actions, notifying the employer or other authorities about unlawful practices. 42 U.S.C. § 5851(a).

had not recommended rehiring Muino due to a prior disciplinary report for sexual harassment, and none of the persons involved in the rehiring decision had been aware of Muino's prior complaints raised during his confidential exit interview.

The Administrative Law Judge recommended granting summary judgment on the grounds that there was no evidence to establish FPL retaliated against Muino on the basis of a protected activity. Muino appealed, and, while the appeal was pending, Muino filed complaint 2006-ERA-0008, alleging that the discovery conducted in case 2006-ERA-00002 produced further evidence that FPL was retaliating against him. Muino claimed that FPL submitted a false disciplinary report that was supposed to have been purged from Muino's personnel records, as well as fake negative performance evaluations, all of which prevented him from obtaining engineering work.

The Administrative Law Judge recommended dismissing the second complaint based on collateral estoppel because it involved the same parties and issues as the original complaint. Upon review, the ARB consolidated the two cases, granted summary judgment on the first complaint, and dismissed the second complaint.

On appeal, Muino argues that (1) there are genuine issues whether he engaged in a protected activity when he raised safety concerns during his 1993 exit interview and whether FPL retaliated against him by refusing to rehire him; (2) the

ARB erred by considering as evidence the disciplinary report that was supposed to have been purged from the record, as there was no proof the submitted document was authentic; (3) the ARB failed to consider his claims of constructive discharge and hostile work environment;[2] and (4) the ARB erred by dismissing his second complaint, as there was new evidence of retaliation that arose during his deposition in the first case.

To make out a prima facie case under the ERA, the employee must show "(1) the employer is covered by the act, (2) the employee engaged in protected activity, (3) the employee suffered adverse action, and (4) there is an inference of causation between the protected activity and the adverse action. Proximity in time is sufficient to raise an inference of causation." Bechtel Const. Co. v. Secretary of Labor, 50 F.3d 926, 934 (11th Cir. 1995).

In reviewing cases arising under the ERA, we must conform to the standard of review set forth in the Administrative Procedure Act. 42 U.S.C. § 5851(c)(1). Accordingly, we will overturn the ARB's decision only if it "is unsupported by substantial evidence or if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A), (E); Fields v. U.S. Dep't of Labor Admin. Review Bd., 173 F.3d 811, 813 (11th Cir. 1999). The

---

[2] Muino's hostile work environment claim was not raised before the ARB; thus, we do not consider it. Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 912 (11th Cir. 2007).

4

substantial evidence test is no more than a recitation of the application of the "arbitrary and capricious" standard to factual findings. Atlanta Gas Light Co. v. FERC, 140 F.3d 1392, 1397 (11th Cir. 1998). We must give appropriate deference to the ARB's statutory interpretation. Fields, 173 F.3d at 813 (citing Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). We will not reweigh the evidence or substitute our judgment for that of the ARB, but we review the entire record to determine if the decision reached is reasonable and supported by substantial evidence. Fields, 173 F.3d at 814.

Upon review, we conclude that the ARB properly granted summary judgment on Muino's claims. The ARB found that Muino failed to adduce evidence that the hiring officials in 2003 were aware of his alleged whistle-blowing activities in 1993. Therefore, he failed to carry his burden to establish the essential elements of his case. Accordingly, we affirm for the reasons given in the ARB's well-reasoned decision dated April 2, 2008.

**AFFIRMED.**