[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14232

_____

Agency No. ARB 06-083

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

MICHAEL GALE,

                                                          Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

                                                          Respondent,

WORLD FINANCIAL GROUP, INC.,

                                                          Intervenor.


_____

Petition for Review of a Decision of the
Department of Labor

_____

(June 25, 2010)

Before EDMONDSON and BIRCH, Circuit Judges, and HODGES,* District
Judge.

_____

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Michael Gale ("Gale") petitions for review of the final order of the U.S. Department of Labor's Administrative Review Board ("ARB") denying his whistleblower claim brought under Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514(A)(a)(1). Gale contends that the ARB's conclusion that he did not engage in protected activity as contemplated by SOX is not supported by substantial evidence. We disagree and DENY the petition.

## I.  BACKGROUND

In 2003, Gale filed a whistleblower complaint with the Occupational Safety and Health Administration ("OSHA"), in which he claimed that World Financial Group ("WFG") violated SOX when it terminated his employment. Specifically, Gale alleged he was discharged because

> he, among other things, provided information and opposed decisions made by Company Officers relating to waste and misuse of Corporate Monies that resulted in loss of Stockholders equity and because of raising concerns regarding the violation of the SEC [Securities and Exchange Commission] rules and regulations in the operation of a Broker Business by World Financial Group operating under the name of World Group Securities.

Doc. 21, Exh. 1.[1] WFG markets the products of insurance and financial services companies through affiliated businesses. World Group Securities ("WGS") is

---

[1] Document numbers correspond to the certified list of documents filed with us on 11 September 2008.

WFG's affiliated broker dealer. Prior to his termination, Gale served as the Chief Operations Officer and as a Director of WGS.

OSHA investigated Gale's complaint and determined that WFG did not violate SOX because WFG was not a covered employer under SOX. Gale appealed that decision to an Administrative Law Judge ("ALJ") of the Department of Labor. The ALJ allowed discovery, including depositions and information exchanges. During Gale's deposition, the following exchange occurred:

> Q: Well, did you, during the time that you were employed at – by World Financial Group or at World Group Securities, believe that the company was engaging in any kind of illegal, fraudulent or racketeering activity?
>
> A: I was uncomfortable with some of the practices that I observed.
>
> Q: That was not the question that I asked you. The question was, did you believe that the company was engaging in any kind of illegal or fraudulent activities?
>
> A: I did not believe that.

Doc. 18 at Exh. D, p. 205-06.

Prior to a hearing before the ALJ, WFG filed a motion for summary decision.[2] WFG asserted that Gale's case was without merit because (1) WFG is not a covered employer under SOX, and (2) Gale did not engage in any protected

_____

[2] Summary decision is akin to a grant of summary judgment under Federal Rule of Civil Procedure 56. See 29 C.F.R. § 18.40(d) (2010). Thus, summary decision is warranted if the pleadings and other materials in the record "show that there is no genuine issue as to any material fact." Id.

activity under SOX, as evidenced in part by his deposition testimony that he did not believe WFG's conduct violated the law. The ALJ denied summary decision on the first ground, finding that a genuine issue of material fact existed as to WFG's covered status. With regard to the second issue, however, the ALJ found "no factual basis that [Gale] had an actual or subjective belief" that WFG committed illegal or fraudulent acts prohibited by SOX. Doc. 26 at 10. Furthermore, the ALJ found that "none of [Gale's] expressed concerns identified any unlawful or fraudulent activity, whether viewed objectively or subjectively." Id. at 11. Gale's complaint thus lacked the essential element that he reasonably believed WFG's activities were illegal or fraudulent in nature. The ALJ recommended that WFG's motion for summary decision be granted and that Gale's complaint be dismissed.

On appeal, the Administrative Review Board ("ARB")[3] agreed with the ALJ's findings and recommendation. The ARB concurred that a genuine issue of material fact existed with regard to WFG's covered status. Nonetheless, like the ALJ, the ARB concluded that summary decision was appropriate because "Gale has not presented sufficient evidence to create a genuine issue of fact that he engaged in SOX-protected activity, an essential element of his claim." Doc. 32 at

---

[3] The ARB has the authority to issue final agency decisions under SOX's employee protection provisions. See 29 C.F.R. § 1980.110(a) (2010).

4

5. The ARB explained that Gale failed to produce evidence that he reasonably believed that WFG was violating the fraud statutes, SEC rules or regulations, or a federal law concerning fraud against shareholders. To the contrary, "Gale's deposition testimony indicates that he did not believe WFG engaged in any illegal or fraudulent activity." Id. at 4. Accordingly, the ARB granted WFG's motion for summary decision and denied Gale's complaint.

In his petition for review, Gale argues that the ARB erred in determining that he did not engage in SOX-protected activity. He questions whether it is necessary for an employee to subjectively believe that his employer engaged in unlawful conduct. In Gale's view, he voiced sufficient concerns about his employer's practices to establish a reasonable belief that his employer was engaging in prohibited activity under the SOX.

## II. DISCUSSION

Our review of the ARB's decision is governed by the Administrative Procedure Act. See Fields v. United States Dep't of Labor Admin. Review Bd., 173 F.3d 811, 813 (11th Cir. 1999) (per curiam). We may not reweigh the evidence or substitute our judgment in place of the ARB's. See id. at 814. Rather, we must affirm the ARB's decision so long as it is supported by substantial evidence and it is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law." Id. at 813 (quotation marks and citation

5

omitted). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." Stone & Webster Eng'g Corp. v. Herman, 115 F.3d 1568, 1571 (11th Cir. 1997) (quotation marks and citation omitted). Although we review matters of law de novo, we must apply due deference to the Secretary of Labor's interpretation of the statutes which he administers. See id.

The whistleblower protection provision of SOX prohibits a publicly traded company or their officers from discharging an employee for providing information to a supervisory authority about conduct that the employee "reasonably believes" constitutes a violation of federal laws against mail fraud, wire fraud, bank fraud, securities fraud, any SEC rule or regulation, or any provision of federal law relating to fraud against shareholders. 18 U.S.C. § 1514A(a)(1) (2009). Department of Labor regulations provide that a complaint alleging a violation of SOX "shall be dismissed unless the complainant has made a prima facie showing that protected behavior or conduct was a contributing factor in the unfavorable personnel action alleged in the complaint." 29 C.F.R. § 1980.104(b) (2010). To make this showing, the employee must prove by a preponderance of the evidence that (1) he engaged in protected activity, (2) the employer knew or suspected that the employee engaged in a protected activity, (3) the employee suffered an unfavorable personnel action, and (4) the protected activity was a contributing

6

factor in the unfavorable action. See id. § 1980.104(b)(1); Allen v. Admin. Review Bd., 514 F.3d 468, 475-76 (5th Cir. 2008). Both the ALJ and the ARB determined here that Gale failed to establish the first element (that he engaged in a protected activity) because he did not reasonably believe his employer's conduct was illegal or fraudulent.

Although we have not had occasion to define what "reasonably believes" means under § 1514A(a)(1), all of our sister circuits which have addressed this issue have uniformly held that it encompasses both a subjective and an objective component. See Van Asdale v. Int'l Game Tech., 577 F.3d 989, 1000 (9th Cir. 2009); Harp v. Charter Comm., Inc., 558 F.3d 722, 723 (7th Cir. 2009); Day v. Staples, Inc., 555 F.3d 42, 54 (1st Cir. 2009); Welch v. Chao, 536 F.3d 269, 275 (4th Cir. 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 1985 (2009); Allen, 514 F.3d at 477.[4] We find their reasoning to be persuasive. As the Fourth Circuit has explained, a common sense interpretation of the statute's language dictates that the employee has an actual belief, as well as an objectively reasonable belief, that his company's conduct is illegal or fraudulent:

> To "reasonably believe" that company conduct "constitutes a violation" of law, as those terms are used in § 1514A(a)(1), [an

---

[4] In an unpublished opinion, the Eighth Circuit favorably cited Allen, 514 F.3d at 477, for the proposition that an "employee's reasonable belief must be scrutinized under both subjective and objective standard[s]." Pearl v. DST Sys., Inc., No. 08-2196, 2010 WL 27066, at *1 (8th Cir. Jan. 7, 2010) (per curiam) (unpublished).

employee] must show not only that he believed that the conduct constituted a violation, but also that a reasonable person in his position would have believed that the conduct constituted a violation. It would make no sense to allow [an employee] to proceed if he himself did not hold the belief required by the statute, and the language of the statute itself requires that the belief be a "reasonable" one.

Livingston v. Wyeth, Inc., 520 F.3d 344, 352 (4th Cir. 2008). In addition to the plain language of the statute, the statute's legislative history contemplates the use of the "'normal reasonable person standard used and interpreted in a wide variety of legal contexts.'" Van Asdale, 577 F.3d at 1000-01 (quoting S. Rep. No. 107-146, at 19 (2002)); Day, 555 F.3d at 54 n.9. The "reasonable belief" standard that we have applied in the context of other retaliation statutes, such as Title VII, requires both a subjective and an objective element. See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311-12 (11th Cir. 2002) ("'A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented.'"). Accordingly, like our sister circuits, we conclude that § 1514A(a)(1) requires an employee to demonstrate both a subjective belief and an objectively reasonable belief that the company's conduct violated a law listed in that section. A subjective belief means that the employee "actually believed the conduct complained of constituted a

violation of pertinent law." Welch, 536 F.3d at 277 n.4; accord Day, 555 F.3d at 54 n.10.

Here, the record contains substantial evidence to support the ALJ and ARB's finding that Gale did not actually believe that WFG's activities were illegal or fraudulent. Gale was specifically asked if he believed, during his employment, "that the company was engaging in any kind of illegal or fraudulent activities," and Gale responded, "I did not believe that." Doc. 18, Exh. D at 206. Besides this admission, Gale made several other statements indicating his lack of a subjective belief. For example, although Gale "expressed reservations" about a proposed "ASAP program" which permitted unregistered brokers to watch sales presentations by registered brokers, he did not personally know at the time whether this practice was prohibited under the rules of the National Association of Securities Dealers. Id. at 114-17. Likewise, Gale raised concerns about the program's proposal to initially pay the registration fees for individual brokers, which Gale said departed from his previous experience where brokers paid registration fees up front. Yet Gale conceded that "[t]o the best of my understanding," there was nothing improper or illegal about a company paying a broker's registration fees. Id. at 156-57. Moreover, Gale could not recall ever communicating any concerns that the ASAP program, as it was ultimately implemented, violated or potentially violated any law or regulation.

9

Gale also described an incident which made him feel "really uncomfortable" and "uneasy," wherein WFG reimbursed a client for an improper sale. Doc. 21, Exh. 7 at 10; Doc. 18, Exh. D. at 39. In Gale's view, the client was entitled to reimbursement, but the individual broker rather than WFG should have paid for the $17,000 loss incurred in the rescinded sale. Gale claimed a similar situation happened a month earlier, and he became concerned that the firm's reimbursements set a precedent involving a "moral hazard issue," meaning that individual brokers would continue to execute improper sales if they were not personally punished. Doc. 18, Exh. D at 55, 79-80. However, Gale admitted that he did not know at the time whether such reimbursement by the firm was illegal; nor did he communicate to anyone that he felt it was illegal.

In sum, substantial evidence supports the ARB's determination that Gale failed to create a genuine issue of material fact that he engaged in SOX-protected activity. As the ALJ found, and the ARB concurred, Gale's own statements establish that "he had no belief, let alone a reasonable belief," that WFG was engaging in any illegal or fraudulent conduct prohibited under § 1514A(a)(1). Doc. 26 at 11. Absent this reasonable belief, Gale cannot establish a prima facie case of retaliation. See 29 C.F.R. § 1980.104(b). The ARB therefore correctly granted summary decision to WFG on Gale's whistleblower claim.

10

### III. CONCLUSION

Gale petitions for review from the final order of the ARB denying his whistleblower claim brought under the Sarbanes-Oxley Act. Because we conclude that the ARB's decision is supported by substantial evidence, we DENY his petition for review.

**PETITION DENIED.**