[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11544
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00311-BAE-GRS

MINAXI I. PATEL,

Plaintiff - Appellant,

versus

THE HONORABLE JOHN MCHUGH, Secretary of the Army,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 8, 2014)

Before HULL, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Army Lieutenant Colonel Minaxi Patel, now retired, appeals the district court's order granting summary judgment in favor of the Honorable John McHugh in his capacity as Secretary of the United States Army.

In 2008, Lieutenant Colonel Patel allegedly made a number of derogatory remarks to her subordinates about their race and sexual orientation.[1]  Her commander launched an investigation, which resulted in a finding that she had violated the Uniform Code of Military Justice.  After a series of administrative appeals in which Lieutenant Colonel Patel challenged the validity of the investigation and decision, the Army Board for the Correction of Military Records ("ABCMR") declined to remove one of the violations from her record, which then ultimately resulted in her removal from the Army's promotion list.  Lieutenant Colonel Patel appealed that denial to the district court, which found the ABCMR's decision to be supported by substantial evidence and granted summary judgment in favor of Secretary McHugh.  Lieutenant Colonel Patel now appeals that decision.

We review an order granting summary judgment *de novo*, applying the same standard the district court employed.  *Miccosukee Tribe of Indians of Fla. v. United States*, 566 F.3d 1257, 1264 (11th Cir. 2009).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and

---

[1] In its March 11, 2014 order, the district court comprehensively described the procedural history of this case.  Because we affirm based on the district court's thorough opinion, we need not recite that history in detail here.

2

the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We may set aside a final agency decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ."  5 U.S.C. § 706(2)(A).  As we previously have stated, "this standard is exceedingly deferential."  *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996).  We may not reweigh the evidence, but must review "the entire record to determine if the decision reached is reasonable and supported by substantial evidence."  *Fields v. U.S. Dep't of Labor Admin. Review Bd.*, 173 F.3d 811, 813-14 (11th Cir. 1999).  We view the record "in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

    The district court applied this deferential standard, and we find no error in its well-reasoned order entered on March 11, 2014.  Accordingly, for the reasons stated in that order, we affirm the grant of summary judgment in favor of Secretary McHugh and the denial of Lieutenant Colonel Patel's cross motion.

**AFFIRMED.**