**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

m 01-60195
_____



JOSEPH J. MACKTAL, JR.,

Petitioner,

VERSUS

ELAINE CHAO,
Secretary, United States Department of Labor,

Respondent.



_____

Petition for Review of a Final Order of
the United States Department of Labor
_____
April 8, 2002


Before SMITH and DeMOSS, Circuit Judges, and LAKE,[*] District Judge.

SIM LAKE, District Judge:

This is the last chapter in a long saga between petitioner Joseph J. Macktal, Jr., his former employer, Brown & Root, and the United States Department of Labor. In this appeal Macktal petitions the Court to review and vacate a decision and order of the Administrative Review Board of the Department of Labor (ARB)

---

[*] District Judge of the Southern District of Texas, sitting by designation.

denying Macktal's Petition for Attorney's Fees and Costs because the ARB did not have authority to reconsider its earlier decision awarding him fees and costs. Because we conclude that the ARB had such authority, and that the ARB's exercise of that authority was reasonable, we deny the petition for review and affirm the decision of the ARB.

## I.

To put the current issue in context a brief history of the case is necessary. In 1986 Macktal filed a complaint with the Secretary of Labor alleging that his resignation as an electrician at Brown & Root's Comanche Peak Nuclear Power Plant was a constructive discharge in retaliation for protected whistleblower activities under the Energy Reorganization Act (ERA), 42 U.S.C. § 5851. After an investigation the Department of Labor Wage and Hour Division found that Brown & Root did not retaliate against Macktal.

Macktal and Brown & Root later entered into a settlement agreement. Macktal agreed to dismiss his whistleblower complaint with prejudice and not to appear voluntarily as a witness or party in any judicial or administrative proceeding involving Brown & Root. In return, Brown & Root agreed to pay $35,000 to Macktal and his attorneys. Brown & Root paid the agreed amount following the execution of a joint motion to dismiss. Although the administrative law judge (ALJ) recommended that the Secretary grant the

motion, Macktal, now represented by new counsel, asked the Secretary not to approve the settlement and to remand the case for a determination on the merits.

The Secretary approved the settlement agreement except for the restriction on Macktal's participation as a witness or party in other proceedings involving Brown & Root. Macktal appealed the Secretary's order to this Court, and we vacated the order and remanded it to the Secretary. Macktal v. Secretary of Labor, 923 F.2d 1150 (5th Cir. 1991). We held that the Secretary could either approve the settlement agreement or reject it, but that the Secretary could not modify a material term of the agreement without the consent of the parties. On remand the Secretary issued an order disapproving the entire settlement agreement and remanding the case to the ALJ for further proceedings.

In 1996, after a hearing on the merits, the ALJ recommended that the complaint be dismissed because Macktal failed to prove all the elements of his case. On January 6, 1998, the ARB issued a Final Decision and Order. The ARB found against Macktal on the merits, concluding that he had not engaged in protected activity when he indicated that he intended to file complaints with government agencies or when he asked to be relieved of his duties. But the ARB concluded that Macktal was nevertheless entitled to attorney's fees and costs for his successful litigation over the restrictive terms of his settlement agreement. The ARB remanded

the case to the ALJ to determine the amount of fees and costs.[1] Macktal petitioned this court to review the ARB's denial of his ERA claim.

On March 30, 1998, the ALJ issued an Initial Decision and order recommending the attorney's fees and costs to be awarded to Macktal. Both Brown & Root and Macktal timely filed challenges to the Initial Decision and order. The ARB then issued a briefing schedule. On October 16, 1998, the ARB, noting that Brown & Root had not filed a brief, accepted the ALJ's recommended amounts and ordered Brown & Root to pay Macktal's attorney's fees and costs. On October 26, 1998, Brown & Root filed a motion for reconsideration. The motion established that Brown & Root had filed a brief, addressed to Tom Shepherd, Clerk of the ARB, opposing the ALJ's award of attorney's fees. Shepherd was the clerk for the Benefits Review Board, however, a different adjudicatory body within the Department of Labor. As a result, Brown & Root's brief was delivered to Mr. Shepherd, not to the ARB. Brown & Root's brief complained of the amount of attorney's fees and costs awarded and the ARB's lack of authority under the ERA to award fees and costs to Macktal for his successful challenge of the

---

[1]Because the January 6, 1998, order did not establish the amount of fees and costs owed, it was not final for purposes of appellate review. When a district court awards attorney's fees, that order is not final for appellate review until the court sets the amount of the award. <u>Southern Travel Club, Inc. v. Carnival Air Lines, Inc.</u>, 986 F.2d 125, 130-131 (5th Cir. 1993). In this respect, agency orders are analogous to court orders, and we thus apply the same rule.

settlement agreement.

On November 20, 1998, the ARB entered an Order Granting Reconsideration. The ARB concluded that it had the inherent authority to reconsider its decision within a reasonable time as long as the reconsideration would not interfere with the purposes of the ERA. The ARB determined that reconsideration was appropriate because it would give the ARB an opportunity to correct an error (misdelivery of a brief), and because Brown & Root had requested reconsideration within a reasonable time. The ARB allowed Macktal and Brown & Root to file additional reply briefs not provided for in the original briefing schedule.

While the ARB was reconsidering the issue of attorney's fees and costs, this Court denied Macktal's petition for review and affirmed the ARB's January 6, 1998, Final Decision and Order. Macktal v. United States Department of Labor, 171 F.3d 323 (5th Cir. 1999). Although the Court concluded that Macktal's expression of intent to file a complaint was protected activity under the ERA, the court concluded that this protected activity was not the likely reason for Macktal's termination.

On January 9, 2001, the ARB issued its Decision and Order on Reconsideration. The ARB concluded that the ERA did not permit Macktal to recover attorney's fees and costs related to his successful challenge to the settlement. Macktal filed a timely Petition for Review of the ARB's decision and order.

-5-

**II.**

Macktal argues that the ARB erred in reconsidering its earlier order granting him attorney's fees and costs. The question of the ARB's inherent authority to reconsider its decisions is an issue of law, which we review de novo. See Harris v. Railroad Retirement Board, 3 F.3d 131, 133 (5th Cir. 1993).

Macktal also argues that the ARB abused any authority it may have had to reconsider its earlier order granting him attorney's fees and costs. Review on the merits is governed by the standard of review established in the Administrative Procedure Act, 5 U.S.C. § 706(2). Under that standard we will affirm the ARB's decision and order unless it is "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, or unless it is not supported by substantial evidence." 5 U.S.C. § 706(2)(A); Macktal, 171 F.3d at 326.

**III.**

The ERA does not mention reconsideration by the ARB of its orders. From this statutory silence Macktal argues that allowing the ARB to reconsider its order would be contrary to Congress's delegation of authority to the Secretary of Labor.

The Secretary acknowledges that the ERA is silent as to the ARB's right to reconsider, but argues that since reconsideration is not prohibited by the statute, the ARB has inherent authority to reconsider its decisions. The Secretary argues that the ARB correctly determined that reconsideration of its earlier order

would not frustrate the goals of the whistleblower provision of the ERA and would give the ARB an opportunity to protect the integrity of the review process by correcting errors.

**A.**

Although this Court has never expressly so held, it is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions. See, e.g., Belville Mining Co. v. United States, 999 F.2d 989, 997 (6th Cir. 1993); Dun & Bradstreet Corp. v. United States Postal Service, 946 F.2d 189, 193 (2d Cir. 1991); Gun South, Inc. v. Brady, 877 F.2d 858, 862 (11th Cir. 1989); Iowa Power & Light Co. v. United States, 712 F.2d 1292, 1297 (8th Cir. 1983); Trujillo v. General Electric Co., 621 F.2d 1084, 1086 (10th Cir. 1980); United States v. Sioux Tribe, 616 F.2d 485, 493 (Ct. Cl. 1980); Albertson v. FCC, 182 F.2d 397, 399 (D.C. Cir. 1950).

This is not a case in which the agency acted contrary to a statutory mandate limiting further review of an agency order. In Brennan v. Occupational Safety & Health Review Commission (OSHRC), 502 F.2d 30 (5th Cir. 1974), which Macktal urges us to follow, we held that the OSHRC did not have authority to reconsider an order that had become final under the Occupational Safety and Health Act. That Act provided that a hearing examiner's report shall become the final order of the Commission unless within thirty days after the report is issued a member of the Commission directs that the

Commission review the report.  Under that statutory scheme we held that once the thirty-day review period had expired and the order had become final, no further consideration by the Commission was allowed.  Unlike the statute at issue in <u>Brennan</u>, however, the ERA does not contain any limitation on discretionary review; the ERA is silent on the matter.  <u>See</u> 42 U.S.C. § 5851(b).  In this case we are persuaded that the ARB correctly concluded that it had the inherent authority to reconsider its earlier ruling awarding attorney's fees and costs.

**B.**

The reasonableness of an agency's reconsideration implicates two opposing policies:  "the desirability of finality on one hand and the public's interest in reaching what, ultimately, appears to be the right result on the other."  <u>Civil Aeronautics Board v. Delta Airlines, Inc.</u>, 367 U.S. 316, 321, 81 S.Ct. 1611, 1617 (1961).  An agency's inherent authority to reconsider its decisions is not unlimited.  An agency may not reconsider its own decision if to do so would be arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A).  Reconsideration must also occur within a reasonable time after the first decision, and notice of the agency's intent to reconsider must be given to the parties.  <u>See</u> <u>Dun & Bradstreet Corp.</u>, 964 F.2d at 193; <u>Bookman v. United States</u>, 453 F.2d 1263, 1265 (Ct. Cl. 1972).

The Court is persuaded that the ARB's decision to reconsider in this case based on the circumstances surrounding the misdelivery

of Brown & Root's brief was reasonable. The ARB also acted promptly and allowed additional briefing by the parties. On October 16, 1998, the ARB accepted the ALJ's recommendation regarding attorney's fees only after noting that Brown & Root had not filed a brief. Ten days later, on October 26, 1998, Brown & Root filed its Motion for Reconsideration. On November 20, 1998, the ARB notified the parties of its intent to reconsider the case and allowed additional briefing from both parties.

## IV.

We conclude that the ARB had the inherent authority to reconsider its decision and order awarding Macktal attorney's fees and costs. We also conclude that the ARB did not abuse its discretion in reconsidering its decision and order. Macktal's Petition for Review is **DENIED**, and the ARB's Decision and Order on Reconsideration is **AFFIRMED**.