Sam HERCHAK, Petitioner,

v.

U.S. DEPARTMENT OF LABOR;
America West Airlines, Re-
spondents–Appellees.

No. 03–72203.
ALJ No. 02–AIR–12.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Jan. 20, 2005.

James W. Howard, Meyers, Taber &
Meyers, P.C., Phoenix, AZ, for Petitioner.

Howard M. Radzely, Solicitor of Labor,
Steven J. Mandel, Associate Solicitor of

---

\* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

Labor, Paul L. Frieden, Mary J. Rieser, Appellate Litigation, U.S. Department of Labor, Washington, DC, Stephanie M. Cerasano, Richard S. Cohen, Lewis & Roca, Tucson, AZ, for Respondents.

Before O'SCANNLAIN, COWEN,[**] and BEA, Circuit Judges.

## MEMORANDUM[***]

Petitioner Sam Herchak ("Herchak" or "Petitioner") timely petitions this Court for review of the Department of Labor's Final Decision and Order dismissing as untimely his appeal from the decision of the Administrative Law Judge ("ALJ"). In addition, he requests that we review and reverse the decision of the ALJ as not supported by substantial evidence.[1] Because we conclude that the Administrative Review Board ("Board") correctly determined that Herchak did not timely file his Petition For Review of the ALJ's decision, and there were no extraordinary circumstances justifying equitable tolling of the limitations period, we will affirm the Board's dismissal of Herchak's Petition For Review without reviewing the merits of the petition.

This case arises under the employee protection provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121(a), and the regulations promulgated thereunder, 29 C.F.R. Part 1979. They prohibit an air carrier, or a contractor or subcontractor of an air carrier, from discriminating against or discharging an employee who reports air carrier safety concerns. Herchak, a pilot, filed a complaint with the Secretary of Labor ("Secretary") pursuant to 49 U.S.C. § 42121(b)(1) and 29 C.F.R. § 1979.103,[2] alleging that his employer, America West Airlines, Inc., retaliated against him because he reported safety and regulatory concerns to America West and to the Federal Aviation Administration. We have jurisdiction to entertain Petitioner's timely filed Petition For Review of the Secretary's Final Decision and Order Dismissing Herchak's Petition For Review under 49 U.S.C. § 42121(b)(4).

## I.

The pertinent facts are not in dispute. The Department of Labor ALJ issued his Decision and Order Denying Relief on January 27, 2003, concluding that the retaliations of which Herchak complained were the result of his history of communication problems and confrontations with others and not of any protected activity. The Board received Herchak's Petition For Review on February 12, 2003. The Board issued its Final Decision and Order Dismissing Petition For Review as untimely.[3]

---

[**] The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's motion to file a reply brief is granted and his motion to reconsider submission of this case without oral argument is denied as moot.

2. On April 1, 2002, the Occupational Safety and Health Administration of the U.S. Department of Labor ("OSHA") published the interim final rules applicable to this case. 67 Fed.Reg. 15454. OSHA filed final rules effective March 21, 2003. Accordingly, all references are to the interim final rule unless otherwise noted.

3. The Secretary has delegated to the Board adjudicative authority to render final agency determinations under AIR 21 and other statutes. *See* Secretary's Order 1–2002, 67 Fed. Reg. 64272 (Oct. 17, 2002).

Herchak appeals the Board's Decision and Order to this Court.

The interim final rule governing the agency's procedures in effect at the time the ALJ rendered his decision provided in pertinent part:

> The decision of the administrative law judge shall become the final order of the Secretary unless, pursuant to this section, a petition for review is timely filed with the Administrative Review Board ("the Board"). Any party desiring to seek review, including judicial review, of a decision of the administrative law judge must file a written petition for review with the Board, which has been delegated the authority to act for the Secretary and issue final decisions under this part. To be effective, a petition must be received within 15 days of the date of the decision of the administrative law judge.

29 C.F.R. § 1979.110(a). The fifteenth day from the ALJ's decision was February 11, 2003. The Board, however, received Herchak's Petition For Review on February 12, 2003.

On February 20, 2003, the Board issued an Order to Show Cause to ascertain the reason for the untimely submission. In response, Herchak argued, *inter alia*, that the Board should exercise its discretion to excuse the tardy filing because it was the fault of Airborne Express. He asserted that the Petition For Review was mailed on February 10, 2003, using Airborne Express's overnight delivery guarantee. Herchak maintained that the lateness was caused by circumstances beyond his control.

In a Final Decision and Order Dismissing Petition For Review, the Board determined that Herchak's petition was not timely filed under the plain language of the regulation. Acknowledging its discretion to toll the internal procedural regulation and accept an untimely Petition For Review under appropriate circumstances, and following the standards for equitable tolling set forth in *School District of Allentown v. Marshall,* 657 F.2d 16, 20 (3d Cir.1981), the Board found that Herchak failed to satisfy his burden of establishing application of equitable tolling principles, because "Airborne's failure to deliver does not constitute an extraordinary event that precluded the timely filing." (Supp. E.O.R. at 6.) The Board noted that the record lacked evidence indicating that Herchak delivered the petition to Airborne Express in time to invoke the overnight guarantee, and observed that Herchak failed to exercise due diligence to determine whether the carrier timely delivered the petition. Indeed, "[i]f Herchak had simply inquired of the Board (or of Airborne) whether the Board had received the document, he could easily have rectified the failure to deliver by simply faxing a copy of the petition." (Supp. E.O.R. at 5–6.) The Board acknowledged that while Herchak was not personally responsible for these failures, he is nonetheless bound by the action or inaction of his chosen attorney. The Board concluded that extraordinary circumstances that would justify equitable tolling were absent, and dismissed Herchak's Petition For Review.

## II.

In promulgating the standards for this Court's review of the Secretary's final order, AIR 21 provides that "[r]eview shall conform to chapter 7 of title 5, United States Code." 49 U.S.C. § 42121(b)(4)(A). Our review under this standard is narrow. We may set aside the Board's dismissal if we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.

§ 706(2)(A).[4]

■ Petitioner mounts several challenges to the Board's application of 29 C.F.R. § 1979.110 to deny his Petition For Review. For the following reasons, the Board's analysis was not arbitrary, capricious, or an abuse of discretion. First, Herchak contends that the Board should have applied to his case the Secretary's final rule regarding the time frame for effecting a timely Petition For Review to the Board. The final version of 29 C.F.R. § 1979.110(a) became effective March 21, 2003, approximately five weeks after his Petition For Review was received by the Board. Herchak presents this argument for the first time on appeal. As such, he has waived it, and it will not be considered. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir.2003).

■ Second, Herchak highlights the Secretary's discretion to dispense with its regulatory deadline in the interests of justice and to administer the AIR 21 Act. Specifically, Herchak cites to 29 C.F.R. § 1979.114:

> In special circumstances not contemplated by the provisions of this part, or for good cause shown, the administrative law judge or the Administrative Review Board on review may, *upon application,* after three days notice to all parties and interveners, waive any rule or issue any orders that justice of the administration of the Act requires.

29 C.F.R. § 1979.114 (emphasis added). The record, however, does not reflect that any such application was filed in this case. Herchak's challenge to the Secretary's failure to exercise this discretion is thus unavailing.

Third, Herchak argues that the Board should have accepted his late filing of the Petition For Review given that the Office of Administrative Law Judges accepted America West's objections to the Secretary's preliminary order outside the thirty-day deadline. Not only is this not reflected in the record, but whether or not America West complied with a filing deadline is irrelevant to the issue of the propriety of the Board's application of 29 C.F.R. § 1979.110(a) to Herchak's Petition For Review.

■ Fourth, Herchak asserts that the Secretary, acting through the Board, was arbitrary and capricious in refusing to hear his appeal of the ALJ's decision. It is beyond dispute that Herchak's Petition For Review to the Board was filed out of time. Herchak does not challenge the finding that his petition was not "received within 15 days of the date of the decision of the Administrative Law Judge" as required for a petition to be effective under 29 C.F.R. § 1979.110(a). Instead, he argues that, contrary to the Board's determination, he has satisfied his burden of establishing the existence of "extraordinary circumstances" to support equitable tolling of the limitations period; namely, that Airborne Express failed to deliver the Petition For Review in a timely manner.[5]

---

**4.** While this Court has reviewed district courts' equitable tolling determinations under both *abuse of discretion* and *de novo* standards, applying the latter standard of review when the underlying facts are undisputed, 5 U.S.C. § 706 imposes a uniform standard of review over agency determinations without drawing any such distinctions. Indeed, we have applied an arbitrary and capricious standard of review in upholding an agency's refusal to accept a late appeal to its Board in accordance with its internal regulatory guidelines in *Gilbert v. National Transportation Safety Board,* 80 F.3d 364, 368 (9th Cir.1996).

**5.** Petitioner argues for the first time on appeal to this Court that Airborne Express "lost" the package. Accordingly, we disregard this ar-

Herchak has presented no evidence that the Secretary acted arbitrarily or capriciously or abused its discretion in its application of equitable tolling principles to his case.

The Board stated that it is guided by the principles of equitable tolling articulated in cases such as *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir.1981), in assessing whether waiver of internally established time limitations is appropriate. *See, e.g., Garcia v. Wantz Equip.*, ARB No. 99–109 (Feb. 8, 2000). Noting that Herchak has not alleged that America West actively misled him or that he filed the precise statutory claim in the wrong forum, the Board observed that Herchak bore the burden of justifying that he had in some extraordinary way been prevented from asserting his rights. *Marshall*, 657 F.2d at 20. In assessing Herchak's entitlement to equitable tolling under this prong, the Board considered the lack of any evidence that Herchak had delivered his Petition For Review to Airborne Express in time to invoke the overnight guarantee. In addition, stressing that "courts 'have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights' " (R. at 5 (quoting *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir.1995) (internal quotation omitted))), the Board remarked that had Herchak merely inquired of the Board or of Airborne whether his Petition had been received, he could have remedied the delivery failure by simply faxing a copy of the petition. Finally, the Board recognized that the negligence of Herchak's counsel does not merit equitable tolling. *See, e.g., Almond v. Dep't of Transp.*, 701 F.2d 34, 36 (5th Cir.1983) (finding

Merit Systems Protection Board did not abuse its discretion in refusing to extend time for administrative appeal where petition for review was untimely because of attorney negligence); *Miranda v. Castro*, 292 F.3d 1063, 1067 n. 4 (9th Cir.) (collecting cases) (noting that counsel's negligence in general does not constitute extraordinary circumstances sufficient to warrant equitable tolling), *cert. denied*, 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002).

It is well established that federal courts administer equitable relief sparingly, and ordinarily a failure to exercise diligence undercuts one's entitlement to such relief. Under these circumstances, the Board did not act arbitrarily or capriciously in refusing to apply equitable tolling principles to consider on the merits Herchak's Petition For Review.

Courts have routinely affirmed agencies' strict application of internal regulatory deadlines. *See, e.g., Gilbert*, 80 F.3d at 368 (finding that NTSB did not act arbitrarily and capriciously in applying its strict procedural regulation regarding filing deadlines to dismiss complainant's appeal for failing to file a timely appellate brief or request an extension of time before expiration of the filing deadline); *see also Tinker Air Force Base v. FLRB*, 321 F.3d 1242, 1246 (10th Cir.2002) ("[T]he general rule is well established that reviewing courts will not overturn an agency's strict application of its own procedural regulations so long as the rule is applied uniformly or with reasoned distinctions.").

Herchak's reliance on *Macktal v. Chao*, 286 F.3d 822 (5th Cir.2002), to buttress his claim that the Secretary applies 29 C.F.R. § 1979.110(a) arbitrarily or without dis-

gument. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir.2003).

tinction is inapposite. In that case, the Board had adopted the ALJ's recommended decision regarding an award of attorney's fees in a case arising under the Energy Reorganization Act in light of its belief that appellant had not filed a brief. The Board granted appellant's motion for reconsideration upon learning that appellant had misdelivered its brief. Significantly, however, the Board recognized its inherent authority to reconsider the decision and noted that it had agreed to do so because appellant had requested reconsideration within a reasonable time. *Macktal* does not shed light on the Secretary's application of the AIR regulations. Moreover, the few details provided in that case contrast with the situation before this Court, in that Petitioner here never affirmatively approached the Board regarding his late submission.

"Extraordinary circumstances" is a high threshold that the Board properly found is not satisfied by the failure of Airborne Express to timely deliver Herchak's Petition For Review, especially in light of Herchak's lack of due diligence. The Board did not abuse its discretion, or act arbitrarily or capriciously, in strictly applying 29 C.F.R. § 1979.110(a) to dismiss as untimely Herchak's Petition For Review.

### III.

Herchak urges us to reach the underlying merits of his case. While he maintains that he fully exhausted his administrative remedies, he argues that, to the extent we find he has not, we excuse any non-exhaustion and entertain the merits of the ALJ's decision.

■ To obtain judicial review of the ALJ's decision, 29 C.F.R. § 1979.110 requires that a petitioner perfect an appeal with the Board.

The decision of the administrative law judge shall become the final order of the Secretary unless, pursuant to this section, a petition for review is timely filed with the Administrative Review Board ("the Board"). Any party desiring to seek review, including judicial review, of a decision of the administrative law judge must file a written petition for appeal with the Board, which has been delegated the authority to act for the Secretary and issue final decisions under this part. To be effective, a petition must be received within 15 days of the decision of the administrative law judge.... If a timely petition for review is filed, the decision of the administrative law judge shall be inoperative unless and until the Board issues an order adopting the decision....

29 C.F.R. § 1979.110(a)(2003).

The Administrative Procedure Act unquestionably provides authority to agencies to adopt mandatory internal administrative appeals. *See* 5 U.S.C. § 704. Courts have routinely applied the exhaustion doctrine to bar judicial review of underlying merits determinations where a party fails to timely appeal under an agency's internal regulations. *See, e.g., Spitzer Great Lakes Ltd. v. United States EPA,* 173 F.3d 412, 414 (6th Cir.1999) ("Because the Board's order dismissing Spitzer's administrative appeal was based solely on Spitzer's failure to comply with the agency's procedural deadlines, we limit our review to the question of whether the Board abused its discretion in requiring strict compliance with its regulatory deadlines."); *Glisson v. United States Forest Serv.,* 55 F.3d 1325, 1328 (7th Cir.1995) (holding that party's failure to file a timely internal administrative appeal as required by regulations of the Department of Agriculture constituted failure to exhaust administrative remedies and precluded judicial action); *Blevins v. United States DOL,* 683

F.2d 139, 143 (6th Cir.1982) (refusing to review merits of ALJ's decision where petitioner seeks review of order of agency's board dismissing an administrative appeal as untimely).

We will not allow Herchak to bypass the administrative scheme. Petitioner presents no persuasive reason to excuse his non-compliance. Accordingly, we do not address his challenges to the ALJ's decision.

### IV.

For the foregoing reasons, the Petition For Review is **DENIED.**