# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60716
Summary Calendar

MARK MONTGOMERY,

Petitioner,

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT OF
LABOR,

Respondent.

Petition For Review of an Order of the
United States Department of Labor
ARB Case No. 05-129

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mark Montgomery seeks review of a decision of the Department of Labor
Administrative Review Board (ARB) affirming a ruling of an Administrative Law
Judge (ALJ) that Montgomery's dismissal by Jack in the Box was not retaliatory.
We deny the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I

Montgomery was employed as a tractor-trailer driver for Jack in the Box, a corporation that distributes food and related supplies to company-owned and franchised fast-food restaurants. Montgomery worked at the company's distribution center in Dallas, Texas, until his dismissal in 2003.

During the course of his employment, Montgomery made a series of complaints to Jack in the Box, including reporting broken equipment, alleging safety violations, and alleging that Jack in the Box overworked its drivers. In 2003, Jack in the Box received a number of complaints about Montgomery's behavior from store managers, including complaints that he had blocked other deliveries and refused to place pallets inside the store. Jack in the Box warned Montgomery that he had "one last chance to straighten things out" with regard to his violations of company policy.

In October of 2003, Montgomery attempted to drive his 18-wheel tractor-trailer into a service station to take a rest break. In doing so, Montgomery drove the rear tires of his 18-wheeler over a median, causing the vehicle's drive wheels to lose contact with the ground. Montgomery called a private wrecking service, rather than the company's towing service, to pull the truck off the median. Montgomery did not report the incident to Jack in the Box, despite a company policy requiring employees to report all vehicle accidents by the end of the day. When Jack in the Box learned of the incident, it terminated his employment for "failure to report an accident."

Montgomery filed a complaint with the Department of Labor, alleging that Jack in the Box retaliated against him in violation of the Surface Transportation

Assistance Act (STAA).[2]  After holding an evidentiary hearing, the ALJ recommended dismissal of Montgomery's complaint.  The ARB reviewed the ALJ's recommendation and issued a final decision denying all of Montgomery's claims.  The ARB denied Montgomery's motion for reconsideration, and this petition for review followed.

## II

We review an agency's rulings under the standard of review established in the Administrative Procedure Act.[3]  Under that standard, we will affirm an ARB's decision and order "unless it is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, or unless it is not supported by substantial evidence."[4]

## III

In his petition for review, Montgomery raises a number of procedural objections to the ARB's handling of his case.  First, Montgomery argues that the ALJ incorrectly granted Jack in the Box's motion in limine.  In that motion, Jack in the Box argued that Montgomery should be denied recovery for any adverse actions that took place more than 180 days prior to the filing of his STAA complaint.  Because the STAA requires a complainant to file a whistleblower claim "not later than 180 days after the alleged violation occurred,"[5] the ALJ did not err when it granted Jack in the Box's motion.  Montgomery further complains that he did not have fair notice of the motion and that, in the

---

[2] 49 U.S.C. §§ 31101-31107.

[3] *Macktal v. Chao*, 286 F.3d 822, 825 (5th Cir. 2002).

[4] 5 U.S.C. § 706(2)(A); *Macktal v. U.S. Dep't of Labor*, 171 F.3d 323, 326 (5th Cir. 1999).

[5] 49 U.S.C. § 31105(b)(1).

alternative, Jack in the Box waived any reliance on the 180-day claim-filing window because the company did not assert it as an affirmative defense. Because Montgomery did not raise these objections at the time of trial, however, they are waived.[6]

Second, Montgomery argues that the ALJ and the ARB erred when they failed to deem as admitted various allegations that he made in post-trial submissions, given that Jack in the Box did not specifically deny those allegations. Federal Rule of Civil Procedure 8(b)(6) provides that an allegation is admitted "if a responsive pleading is required and the allegation is not denied." In this case, however, no allegations should have been admitted because no responsive pleading was required after Montgomery's post-trial motions for a new trial. Therefore, the ALJ and the ARB properly refused to deem Montgomery's allegations as admitted.

Third, Montgomery contends that the ARB abused its discretion when it denied his motion for reconsideration. The ARB characterized Montgomery's motion as "rehash[ing] arguments the Board has already considered and rejected." Montgomery provides no reason to suspect that the ARB committed reversible error in this instance.

Fourth, Montgomery argues that the ARB violated his due process right to a full and fair trial on the merits. Montgomery offers no argument in support of this contention, beyond a statement that adjudicative tribunals must give litigants a fair trial. Although we will liberally construe the briefs of pro se litigants, arguments must be briefed to be preserved.[7] Montgomery's failure to

---

[6] *See Batiste v. Burke*, 746 F.2d 257, 258 n.1 (5th Cir. 1984).

[7] *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

develop this argument therefore constitutes an abandonment of the claim.

Fifth, Montgomery asserts that his constitutional right to effective assistance of counsel was infringed during the proceedings before the ARB and the ALJ. This claim fails because the Sixth Amendment right to counsel is inapplicable in civil cases.[8]

Finally, we need not address whether the ARB's decision was supported by substantial evidence. Montgomery does not brief this issue, and thus he has abandoned the argument.[9]

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the ARB.

---

[8] *See FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005).

[9] *See Yohey*, 985 F.2d at 225.