[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10038
Non-Argument Calendar
_____

Agency No. 2010-SOX-038


ANITA JOHNSON,

                                                  Petitioner,

versus

U.S. DEPARTMENT OF LABOR,

                                                  Respondent,

ANTHEM, INC.
f.k.a. WellPoint, Inc.,

                                                  Intervenor.

_____

Petition for Review of a Decision of the
Department of Labor
_____

(May 18, 2020)

Before MARCUS and HULL, Circuit Judges, and ROTHSTEIN,[*] District Judge.

_____

[*] The Honorable Barbara J. Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

PER CURIAM:

Petitioner Anita Johnson ("Johnson") seeks review of a final order of the Department of Labor's Administrative Review Board ("ARB") affirming an Administrative Law Judge's ("ALJ") dismissal of her whistleblower-related complaint brought under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A. Johnson argues she provided substantial evidence demonstrating that she engaged in protected activity and was terminated in violation of the statute by her former employer, WellPoint Inc. ("WellPoint")[1], as a result. After thorough review and with the benefit of oral argument, the ARB's determination is affirmed.

I.

In 2007, Johnson was promoted to Director of Customer Care at WellPoint, a for-profit health insurance company that contracts with states to administer state-sponsored Medicaid and Medicare Plans. Johnson managed WellPoint's Camarillo, California and Savannah, Georgia correspondence centers. Johnson's tenure at these facilities was rocky and brief. In mid-2008, WellPoint's Ethics and Compliance Department ("E&C Department") received two complaints that workers at the Savannah facility had been instructed by Johnson to close correspondence logs in the company's computer system without actually processing them. The E&C

---

[1] WellPoint Inc. is now owned by Anthem Inc.

Department's investigation revealed reports from several employees that they had been directed to close correspondence logs without working on them. One such employee specifically identified Johnson as the origin of this direction.

After its investigation, the E&C Department wrote a report of its findings, which included evidence that Johnson and her subordinate manager had directed employees to close correspondence logs without completing them, in violation of WellPoint's ethics requirements mandating that employees actually have done the work they represent as completed. The report also recommended Johnson and her subordinate be terminated. In October 2008, WellPoint fired Johnson and two other managers implicated by the E&C Department's investigation.

After her termination, Johnson filed a SOX complaint with the Regional Administrator of the Department of Labor's Occupational Safety and Health Administration ("OSHA") alleging that WellPoint had terminated her employment for engaging in SOX-protected activity. Specifically, she claimed she was terminated after telling WellPoint that its correspondence practices were fraudulent and a violation of SOX.

OSHA dismissed the complaint, finding that it was only *after* Johnson was terminated that she raised these concerns. Following OSHA's dismissal, Johnson requested a hearing before an ALJ and then WellPoint filed a motion to dismiss and

a motion for summary judgment.[2]  On remand, following discovery and a formal hearing, the ALJ again dismissed Johnson's complaint.  Johnson appealed the ALJ's ruling to the ARB, which affirmed the ALJ's decision to dismiss Johnson's complaint and denied her motion for reconsideration on the grounds that she failed to establish that she had engaged in any protected activity under SOX and did not meet at least one of the conditions needed to allow the ARB to reconsider its final decision.  She then appealed the ARB's decision.

## II.

Our review of the ARB's ruling is governed by 5 U.S.C. § 706.  *See* 18 U.S.C. § 1514A(b); 49 U.S.C. § 42121(b)(4)(A).  We review the ARB's legal conclusions "*de novo*, keeping in mind that agencies often receive deference in construing the statutes they administer."  *DeKalb Cty. v. U.S. Dep't of Labor*, 812 F.3d 1015, 1020 (11th Cir. 2016).  We can only overturn the ARB's factual decision if it "is unsupported by substantial evidence or if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance of law."  *Fields v. U.S. Dep't of Labor Ad. Rev. Bd.*, 173 F.3d 811, 813 (11th Cir. 1999) (quoting 5 U.S.C. § 706(2)(A), (E)). *See Stone & Webster Constr., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1132 (11th

---

[2] The ALJ granted WellPoint's motions and dismissed Johnson's complaint finding that she had not engaged in SOX-protected activity.  On appeal, the ARB found that issues of fact existed, vacated the dismissal and remanded the case to the ALJ for formal hearing.

Cir. 2012) (reviewing, *de novo*, the Secretary of Labor's legal conclusions but testing his factual findings for substantial evidence).

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stone*, 684 F.3d at 1132. Under this standard, the Court is prohibited from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* at 1133; *see also DeKalb Cty.*, 812 F.3d at 1020.

## III.

Before addressing the merits, WellPoint argues that we do not have jurisdiction over this appeal. WellPoint's argument is as follows: 18 U.S.C. § 1514A(b), governing SOX-whistleblower protections, and 49 U.S.C. § 42121(b)(4)(A), codifying the SOX enforcement procedures, both require a petition for review challenging a final order of the ARB to be brought within 60 days of the order. *See* 18 U.S.C. § 1514A(2)(A). The ARB's Final Decision and Order was issued on August 31, 2017. Johnson did not file an appeal with this Court until January 3, 2018. Instead, she filed a motion for reconsideration on October 2, 2017.

WellPoint argues that since there is no statutory provision for reconsideration of decisions of the ARB, the motion for reconsideration had no effect of the finality of the August 31, 2017 order. Thus, Johnson's petition for review in this Court was untimely.

5

WellPoint is wrong; this Court has jurisdiction over this appeal. First, the 60-day deadline in 49 U.S.C. § 42121(b)(4)(A) is a claim-processing rule rather than one with jurisdictional consequences. The essential inquiry as to whether a filing deadline is jurisdictional is whether Congress "wanted [it] to be treated as jurisdictional." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 438–439 (2011). Because "filing deadlines . . . are quintessential claim-processing rules," *id*. at 435, such a rule regarding the time within which a party must file for review of an administrative ruling, "however emphatic," *Arbaugh v. Y&H Corp*., 546 U.S. 500, 510 (2006), is generally non-jurisdictional absent a "'clear statement' that the rule is jurisdictional," *Corbett v. Trans. Sec. Admin*., 767 F.3d 1171, 1177 (11th Cir. 2014) (quoting *Sebelius v. Auburn Reg'l Med. Ctr*., 568 U.S. 145, 153 (2013)).

Nothing in 49 U.S.C. § 42121(b)(4)(A) suggests "much less provide[s] clear evidence, that the provision was meant to carry jurisdictional consequences." *Avila-Santoyo v. U.S. Atty. Gen*., 713 F.3d 1357, 1360 (11th Cir. 2013); *see also Corbett*, 767 F.3d at 1177 (finding 60-day statutory requirement to file a petition after an order is issued "does not suggest Congress intended the deadline to have jurisdictional consequences"). The Supreme Court and this Circuit have also interpreted similar provisions to have no jurisdictional consequences. *See Henderson*, 562 U.S. at 435; *Corbett*, 767 F.3d at 1177; *Avila-Santoyo*, 713 F.3d at 1360.

6

Additionally, we find that the ARB has the inherent and implied authority to hear motions for reconsideration. Absent a statute or regulation prohibiting an administrative agency from reconsidering a final order, agencies have the inherent authority to do so. *See Alabama Envtl. Council v. Adm'r, U.S. E.P.A.*, 711 F.3d 1277, 1290 (11th Cir. 2013) (recognizing an implied authority in agencies "to reconsider and rectify errors even though the applicable statute and regulations do not expressly provide for such reconsideration"); *see also Gun South, Inc. v. Brady*, 877 F.2d 858, 862 (11th Cir. 1989). The Supreme Court has also stated that an "agency like a court, can undo what is wrongfully done by virtue of its order." *United Gas Improvement Co. v. Callery Properties*, 382 U.S. 223, 229 (1965); *see also American Trucking Assoc. v. Frisco Trans. Co.*, 358 U.S. 133, 145 (1958) ("the presence of authority in administrative offices and tribunals to correct . . . errors has long been recognized—probably so well that little discussion has ensued in the reported cases").

Because the ARB had the implied authority to hear Johnson's motion for reconsideration, it tolled the filing deadline for her appeal to this Court. Such a motion effectively renders the agency's initial decision non-final until it is ruled upon. *Lewis v. U.S. Dep't of Labor, Ad. Rev. Bd.*, 368 F. App'x 20, 29 (11th Cir. 2010) (citing *Macktal v. Chao*, 286 F.3d 822, 825-26 (5th Cir. 2002) (holding a

7

"motion for reconsideration, filed within a reasonable time after the order [with the DOL ARB], [is] effective to toll the appeal period").

IV.

Turning to the merits of Johnson's challenge to the ARB's ruling, to prevail on her whistleblower claim under SOX, Johnson had to prove by a preponderance of the evidence that: (1) she engaged in protected activity; (2) WellPoint knew or suspected that she engaged in the protected activity; (3) she suffered an adverse action; and (4) the protected activity was a contributing factor in the adverse action. *See Bechtel v. Admin. Review Bd., U.S. Dep't of Labor*, 710 F.3d 443, 446–48 (2d Cir. 2013) (setting forth the elements and burdens of proof for SOX whistleblower retaliation claims); 29 C.F.R. § 1980.109 (providing that a complainant must establish "by a preponderance of the evidence that protected activity was a contributing factor in the adverse action alleged in the complaint) ).  If the employee establishes these four elements, the employer may avoid liability if it can prove "by clear and convincing evidence" that it "would have taken the same unfavorable personnel action in the absence of that protected behavior."  *Bechtel*, 710 F.3d at 446–48.

Our review of the ARB's August 31 order is limited to whether substantial evidence in the record supports it.  *See Stone*, 684 F.3d at 1132.  Johnson argues the

8

ARB erred in dismissing her complaint and affirming the ALJ's finding that she failed to show that she engaged in protected activity under SOX.

At the heart of this case is a credibility determination between the conflicting testimony of Johnson on the one hand and the WellPoint employees involved in her investigation and termination. According to the WellPoint employees, Johnson never mentioned anything about fraud, criminal activity, or any other protected activity until after she was fired. After a two-day hearing and witness testimony, the ALJ explained his reasoning for believing Johnson's manager and those who investigated the allegations against her over Johnson's story. This Court must defer to the ALJ's credibility determinations unless plainly wrong. *See Stone*, 684 F.3d at 1133 ("[t]he substantial evidence standard limits the reviewing court from deciding the facts anew, making credibility determinations, or re-weighing the evidence"); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1423 (11th Cir. 1998). *See also Warrior Met Coal Mining, LLC v. Sec'y of Labor, Fed. Mine Safety*, 663 F. App'x 809, 813 (11th Cir. 2016) (rejecting appellant's call to "re-weigh conflicting evidence and the ALJ's credibility determinations"). After a review of the record, this Court finds no basis to set aside the ALJ's credibility determinations. There is substantial evidence to support his findings that Johnson did not engage in protected activity.

VI.

In conclusion, the ARB's determination was supported by substantial evidence and is therefore AFFIRMED.